UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATSY J. BATTAGLIA**,

    **Plaintiff,**

v.                                                                                      Case No. 8:04-CV-2710-T-EAJ

**JO ANNE BARNHART,**
**Commissioner of**
**Social Security,**

    **Defendant.**

_____/

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g) et seq., to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**A.**      **Standard of Review**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g)(2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth

---

[1] The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. (Dkt. 14).

v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**B.     Factual Background**

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Social Security Insurance (SSI) on July 22, 2002 and July 31, 2002, claiming an onset of disability beginning October 19, 2000. (T 40-43) Plaintiff's application was denied initially, upon reconsideration, and by the Administrative Law Judge ("ALJ") in a decision issued on September 3, 2004. (T 14-20) The Appeals Council declined to review the ALJ decision (T 4-6), making the ALJ's decision the final decision of the Commissioner.

The ALJ found that Plaintiff was not eligible for DIB or SSI benefits because she retained the residual functional capacity to perform light work, and could therefore return to her past relevant work. (T 18) The ALJ determined that Plaintiff was not disabled at any time through September 3, 2004. (T 19) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits. Plaintiff alleges that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, erred in determining Plaintiff was able to perform her past relevant work and in

not requiring the testimony of a vocational expert, and improperly discounted Plaintiff's credibility and her complaints of pain. (Dkt. 17 at 4). Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff was 45 years old at the time of the administrative hearing on July 8, 2004. (T 435) Plaintiff attended school through the 12th grade (T 435) and has past relevant work experience as a receptionist, cashier, deli associate, nurses' assistant, and home healthcare worker. (T 80, 436-37) Plaintiff argues that she has been unable to work since she was involved in an auto accident on October 19, 2000, due to a ruptured disc in her thoracic area, neck strain and pain, a contusion of the right breast and chest, bilateral nerve damage in her wrists and arms, carpal tunnel syndrome in her right wrist and arm, an injury to her left shoulder, poor concentration, anxiety, and nervousness. (T 71)

Following the administrative hearing on July 8, 2004, the ALJ found that Plaintiff suffered from degenerative disc disease, chronic pain in the neck, shoulders, and back, cervical radiculopathy, a herniated nucleus pulposus at the T8-9 vertebral level, bilateral carpal tunnel syndrome, a medial meniscus tear of the right knee, plantar fasciitis, and a heel spur on her left heel. (T 16) The ALJ determined that the above impairments are severe, "but not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 16) The ALJ held that Plaintiff retained the residual functional capacity to perform light work,[2] and that she could perform her past relevant work of receptionist, cashier, and deli associate. (T 18) In reaching his conclusion that Plaintiff had not been under a

---

[2] Light work, defined at 20 C.F.R. §§ 404.1567(c), 416.967(c), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds.

"disability" since October 3, 2000, the ALJ found that Plaintiff's testimony was not fully credible. (T 18)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**C.     Discussion**

Plaintiff argues that the ALJ erred in: (1) not giving great weight to the opinion of Plaintiff's treating physician; (2) determining Plaintiff was able to perform her past relevant work and in not requiring the testimony of a vocational expert; and (3) discounting Plaintiff's credibility and her complaints of pain. (Dkt. 17 at 4). Defendant maintains that the ALJ's decision is supported by substantial evidence, and that Plaintiff presented no evidence to rebut the finding that she could not perform her past relevant work. (Dkt. 22 at 3-5).

**1.  Testimony of the Treating Physician**

Plaintiff contends that her treating physicians, Roger Bourguignon, M.D. ("Dr. Bourguignon") and Guillermo Suarez, M.D. ("Dr. Suarez"), reported that Plaintiff was unable to return to work, but that this testimony was not given the proper weight by the ALJ. (Dkt. 17 at 14).

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions.[3] Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). However, the ALJ may reject the opinion of a treating physician if it is conclusory, contrary to the evidence, or unsubstantiated by any objective medical evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983).

---

[3]A treating physician's opinion will be accorded controlling weight if it is supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §404.1527(d)(2).

The ALJ reviewed the treatment records and opinion of Dr. Bourguignon and specifically noted Dr. Bourguignon's opinion that Plaintiff was unable to work at the time of the evaluation in March 2001. (T 17) The ALJ acknowledged Dr. Suarez's statements that Plaintiff was temporarily disabled on numerous occasions: November 3, 2000, December 13, 2000, February 13, 2001, April 12, 2001, May 17, 2001, and May 31, 2001. (Id.) The ALJ remarked that this opinion was "somewhat consistent" with the consultative physician's conclusions. (Id.) The ALJ also discussed Dr. Suarez's August 28, 2001 assessment that Plaintiff had a permanent functional impairment rating of twenty-five percent to her body as a whole. (Id.)

The ALJ next considered the evaluations of consultative physicians. The ALJ considered a consultative physician's opinion in June 2002 that Plaintiff had a four percent impairment due to her back injury and a ten percent impairment due to her carpal tunnel syndrome. (Id.) The ALJ discussed a consultative physician's opinion that Plaintiff was "limited" in her ability to bend, lift, push, and pull, and that she was capable of sedentary work. (Id.) The ALJ stated that after considering the full record, Plaintiff's allegations as to her inability to work were not supported by the medical record. (T 18)

Unfortunately, the court is unable to determine whether the ALJ gave the treating physicians' testimony substantial or considerable weight, and whether, if he did not give it such weight, good cause existed. The ALJ "should render a decision that will provide reviewing courts with the basis for determining that he applied the correct legal standards." Wiggins, 679 F.2d at 1389; see also Ryan v. Heckler, 762 F.2d 939, 941 (11th Cir. 1985) (the court cannot conduct a meaningful review if the ALJ does not clarify the weight accorded to evidence the ALJ considered). The ALJ's decision does not discuss what amount of weight was accorded to each physician's testimony. In

5

order to provide the parties with meaningful judicial review, the court must be able to ascertain whether the ALJ applied the correct legal standards. If it is not clear from the record that the proper standard was applied, the court must remand the case for reconsideration by the ALJ. See Jamison, 814 F.2d at 588. On remand, the ALJ should give the treating physicians' testimony considerable or substantial weight and make additional findings or, if the ALJ finds good cause to disregard such evidence, the ALJ must explain why. The court does not direct that the ALJ's findings upon remand be of a particular disposition.

**2. Plaintiff's Pain Testimony**

Plaintiff urges that the ALJ did not give proper weight to her pain testimony. The Eleventh Circuit has established a three-part pain standard to use when evaluating a claimant's subjective complaints of pain. A plaintiff must show: (1) evidence of an underlying medical condition, and either (2) the objective medical evidence substantiates the severity of the pain from the condition or (3) the medical condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986). This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R. R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

In the instant case, the ALJ did not cite the Eleventh Circuit pain standard discussed above.[4] The ALJ need not cite to this Circuit's pain standard if the ALJ's findings and discussion indicate

---

[4]The ALJ referred to the standards set by regulation in 20 C.F.R. §§ 404.1529 and 416.929. (T 16) These regulations are consistent with the Eleventh Circuit's pain standard. See Elam, 921 F.2d at 1215.

that he has applied the proper standard. See Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002). Here, however, the ALJ's findings and discussion do not indicate that he applied the Eleventh Circuit's pain standard. For instance, in considering Plaintiff's pain testimony, the ALJ states only that Plaintiff testified that she "continues to suffer from constant pain" and that "bending caused additional pain." (T 18) The ALJ went on to say that Plaintiff's complaints are "not supported by the medical evidence" and that Plaintiff "is not fully credible."[5] (T 18) The ALJ did not analyze whether Plaintiff has shown evidence of an underlying medical condition, whether the objective medical evidence substantiates the severity of the pain claimed, or whether the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. The omissions in the ALJ's analysis demonstrate that the ALJ did not apply the Eleventh Circuit pain standard.

When the ALJ has not applied the proper standard in considering Plaintiff's subjective complaints of pain, the court should remand for application of the correct legal principles. Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987) (citing Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987)). Therefore the court must remand this case for application of the Eleventh Circuit pain standard as outlined above. The court does not direct that the ALJ's findings upon remand be of a particular disposition.

---

[5] The ALJ recognized, however, that Plaintiff suffered from degenerative disc disease, chronic pain in the neck, shoulders, and back, cervical radiculopathy, a herniated nucleus pulposus at the T8-9 vertebral level, bilateral carpal tunnel syndrome, a medial meniscus tear of the right knee, plantar fasciitis, and a heel spur on her left heel. (T 16)

### 3. Testimony of a Vocational Expert

Finally, Plaintiff asserts that the Commissioner erred in determining that Plaintiff was able to perform her past relevant work and in failing to obtain the testimony of a vocational expert. "The testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the claimant has met his initial burden of showing that he cannot do past work." Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)(citation omitted). But it is Plaintiff who bears the initial burden of showing that she cannot perform her past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991) (citations omitted). Here, the ALJ held that Plaintiff could perform her past relevant work, and Plaintiff did not meet her burden of showing that she could not perform her past relevant work. The court cannot decide factual issues anew which were properly considered by the ALJ. See Goodley, 608 F.2d at 236. If a case is remanded on certain grounds, it may not be necessary to resolve the remaining issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986). Because errors of law were committed as to issues one and two, the ALJ's findings on remand may change, including as to Plaintiff's residual functional capacity. Hence review of this issue is unnecessary.

**D.     Conclusion**

Remand is necessary to permit the ALJ to specifically address what weight he accorded the treating physicians' testimony and to apply the Eleventh Circuit pain standard to Plaintiff's pain testimony. For the treating physicians' testimony, the ALJ should clarify the amount of weight he accords to the opinions of Drs. Bourguignon and Suarez, consistent with the case law cited previously, and if he does not afford the testimony substantial or considerable weight, the ALJ should provide reasoning for this outcome. Regarding Plaintiff's complaints of pain, the ALJ shall

make specific findings regarding each prong of the pain standard: evidence of an underlying medical condition, whether the objective medical evidence substantiates the severity of the pain from the condition, and whether the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. However, this court expresses no views as to what ultimate determinations the ALJ should make on these issues.

Accordingly and upon consideration, it is **ORDERED** that:

(1)   the decision of the Commissioner be **REVERSED** and the case **REMANDED** for further proceedings and consideration consistent with the forgoing; and

(2)   the Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 30th day of January, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge