**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PATSY J. BATTAGLIA**,

      Plaintiff,

vs.                                       **Case No. 8:04-CV-2710-T-EAJ**

**JO ANNE B. BARNHART**,
Commissioner of Social Security

      Defendant.

_____/

## ORDER

Before the court is Plaintiff's **Application for Attorney Fees** (Dkt. 25), filed February 17, 2006.  Plaintiff requests an award of attorneys' fees in the amount of $3,091.39 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992).  The amount of attorneys' fees Plaintiff requests represents 6.7 hours of work by attorney Dianne Elizabeth Olson, Esq. in 2004 at a rate of $151.25 per hour, 11.7 hours of work in 2005 at a rate of $155.12 per hour, and 1.7 hours of work in 2006 at a rate of $155.12 per hour.  Plaintiff's counsel conferred with Defendant, who does not oppose Plaintiff's request (Dkt. 25 at 1).  As will be discussed <u>infra</u>, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A).  This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g)  (Dkt. 23) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

In this case, the government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B).  The EAJA defines "final judgment" as a judgment that is "final and not appealable."  § 2412(d)(2)(G).  Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298 (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the appeal period has run); see also Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (same); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992). In this case, the parties have 60 days after judgment is entered to appeal.  Fed. R. App. P. 4(a)(1)(B) (when the United States is a party, notice of appeal may be filed within 60 days after judgment is entered).  Thus the 30-day period for filing an application for attorneys' fees under the EAJA begins once the 60-day appeal period has expired.

Judgment for Plaintiff was entered on January 31, 2006 (Dkt. 24), and Plaintiff's motion for attorneys' fees was filed on February 17, 2006 (Dkt. 25).  By the date of this order, the sixty-day appeals period has run and the court's remand order has become the final judgment and is no longer appealable.  Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1.      Plaintiff's **Application for Attorney Fees** (Dkt. 25) is **GRANTED;** and

2.      Plaintiff's counsel, Dianne Elizabeth Olson, shall be awarded $3,091.39 in attorneys'

fees.

**DONE** and **ORDERED** in Tampa, Florida this 3rd day of April, 2006.


ELIZABETH A JENKINS
United States Magistrate Judge